*John W. Sweeney and Ephraim Williams, Jr.*, for defendant.

---

Ellen J. McCudden *vs.* Wheeler & Wilson Mfg. Co.

PROVIDENCE—JANUARY 24, 1902.

Present : Stiness, C. J., Tillinghast and Rogers, JJ.

(1)  *New Trial.*

A petition for new trial which is preferred after the expiration of a year from date of judgment, and states no ground of accident, mistake, or unforeseen cause, will be denied.

(2)  *Execution Sale.   Adjournment.*

Gen. Laws cap. 257, § 13, requiring one week's notice of the adjournment of an execution sale by publication in a newspaper, is not complied with by a notice of two days.

(3)  *Equity.   Adequate Remedy at Law.*

Relief in equity will be denied a party seeking to set aside an execution sale, where he has an adequate remedy at law.

(4)  *Equity.   Cloud on Title.*

A bill to remove a cloud on title does not operate to put a complainant in possession of property ; hence a bill seeking to set aside an execution sale will not, on demurrer, be allowed to stand as a bill to remove a cloud, since an action of ejectment would still be necessary, and two suits cannot be allowed where one would suffice.

Bill in Equity seeking to set aside an execution sale. Heard on demurrers, and demurrers sustained.

(1)    Per Curiam.    The demurrer of Wheeler & Wilson Company to the bill is sustained.    Not only is the petition for a new trial made after the expiration of a year from the date of the judgment, but it states no ground of accident, mistake, or unforeseen cause as the ground for such new trial.

(2)    The demurrer of Edmund Cote is also sustained.    The constable's deed shows that the estate was advertised to be sold

under the execution on March 14, 1900, and that the sale was adjourned to March 16, but in what year it does not state.   Gen. Laws cap. 257, § 13, allows an adjournment of a sale, but it requires one week's notice thereof by publica-

(3) tion in a newspaper.   This statute is not complied with by a notice of two days. Hence the complainant has an adequate remedy at law.

(4)   The complainant urges that the bill may stand to remove a cloud on title.   But removing a cloud does not put a complainant in possession of property.   An action of ejectment would still be necessary, and two suits cannot be allowed where one will suffice.

J. J. Fitzgerald, for complainant.

C. M. Lee, for respondent.